# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN JOSEPH TAYSON,<br>Petitioners,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:26-cv-03010-KES-EPG-HC<br>ORDER DISCHARGING JUNE 18, 2026 ORDER TO SHOW CAUSE AND DECLINING TO IMPOSE SANCTIONS<br>(ECF No. 16)<br>ORDER DIRECTING RESPONDENT TO FILE SUPPLEMENTAL BRIEF AND COPY OF NOTICE TO APPEAR |

Petitioner is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On May 11, 2026, the Court appointed counsel for Petitioner and directed the parties to file a joint statement regarding case management and a proposed briefing schedule. (ECF No. 13.) As no joint statement was filed, on June 3, 2026, the Court ordered the parties to file a joint statement within seven days. (ECF No. 15.) Again, as no joint statement was filed, on June 18, 2026, the Court ordered the parties to show cause why sanctions should not be imposed for failure to follow court orders and ordered Petitioner to file a reply to the opposition within fourteen days. (ECF No. 16.) On June 22, 2026, counsel for Petitioner filed a response to the order to show cause. (ECF No. 17.) On June 24, 2026, Petitioner filed a reply. (ECF No. 18.)

In light of counsel's response to the order to show cause, the Court will discharge the order to show cause and decline to impose sanctions.

In the reply, Petitioner argues that the "government erroneously believes that [Petitioner]'s conviction under California Penal Code § 245 constitutes a crime of violence,"

citing to United States v. Gomez, 165 F.4th 1199 (9th Cir. 2026), and thus, the "sole available basis for detaining [Petitioner] therefore appears to be Subsection A." (ECF No. 18 at 6.) Additionally, the Form I-213 submitted by Respondents states that Petitioner was arrested at the United States Citizenship and Immigration Services office when Petitioner arrived for an interview for a pending application. (ECF No. 10-1 at 2.) This Court has adopted the reasoning of Franco v. Meyer, No. 1:25-cv-01620-DAD-CKD, 2025 WL 3280782 (E.D. Cal. Nov. 25, 2025), and You, Xiu Qing v. Nielsen, 321 F. Supp. 3d 451 (S.D.N.Y. 2018), and found that arresting a noncitizen at an adjustment of status interview likely violates the Immigration and Nationality Act. Ngugi v. Lyons, No. 1:25-CV-01783-KES-EPG (HC), 2026 WL 946905 (E.D. Cal. Apr. 8, 2026), adopting report and recommendation, 2026 WL 807542 (E.D. Cal. Mar. 24, 2026).

The Court finds that supplemental briefing from Respondents addressing Petitioner's argument that he is not subject to § 1226(c) because his conviction under California Penal Code section 245 does not constitute an aggravated felony and whether this case is distinguishable from Ngugi, Franco, and You would assist the Court in this matter.

Accordingly, the Court HEREBY ORDERS that:

1. The June 18, 2026 order to show cause is DISCHARGED and the Court declines to impose sanctions.
2. Within fourteen (14) days of the date of service of this order, Respondents SHALL FILE:
    a. a supplemental brief addressing the issues set forth above; and
    b. a copy of Petitioner's Notice to Appear.

IT IS SO ORDERED.

Dated: **August 20, 2026**

/s/ Eric P. Grosjean

UNITED STATES MAGISTRATE JUDGE