# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN JOSEPH TAYSON,<br>Petitioners,<br>v.<br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY, et al.,<br>Respondents. | Case No. 1:26-cv-03010-KES-EPG-HC<br>ORDER DIRECTING RESPONDENT TO FILE SUPPLEMENTAL BRIEF AND COPY OF NOTICE TO APPEAR |

Petitioner is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On August 20, 2026, the Court ordered Respondents to file a supplemental brief addressing Petitioner's argument that he is not subject to § 1226(c) because his conviction under California Penal Code section 245 does not constitute an aggravated felony and addressing cases that granted habeas relief where the petitioner was arrested at an adjustment of status interview. (ECF No. 19.) In lieu of complying with the Court's August 20, 2026 order, Respondents filed a motion to dismiss the petition as moot because Petitioner received a bond hearing on August 12, 2026 pursuant to 8 C.F.R. § 1236. (ECF No. 20.)

"Although the parties [appear to] agree that Petitioner is detained pursuant to § 1226(a) and had an IJ bond hearing on August [12], 2026, that does not resolve the pending claims in this case," Garcia De Castillo v. Mullin, No. 1:26-CV-06564-DC-SCR, 2026 WL 2690348, at *2

(E.D. Cal. Sept. 14, 2026), because the Court has construed the petition "as also raising a due process claim regarding Petitioner's re-detention[.]" (ECF No. 7 at 1.)

This Court has adopted the reasoning of Franco v. Meyer, No. 1:25-cv-01620-DAD-CKD, 2025 WL 3280782 (E.D. Cal. Nov. 25, 2025), and You, Xiu Qing v. Nielsen, 321 F. Supp. 3d 451 (S.D.N.Y. 2018), and found that arresting a noncitizen at an adjustment of status interview likely violates the Immigration and Nationality Act. Ngugi v. Lyons, No. 1:25-CV-01783-KES-EPG (HC), 2026 WL 946905 (E.D. Cal. Apr. 8, 2026), adopting report and recommendation, 2026 WL 807542 (E.D. Cal. Mar. 24, 2026). Additionally, courts have found that noncitizens who have lived in the United States for years and were arrested at their adjustment of status interviews without warning had a protected liberty interest in remaining out of immigration custody. See Amezquita Diaz v. Albarran, No. 3:25-cv-09837-JSC, 2026 WL 2499439 (N.D. Cal. Aug. 25, 2026); Garcia De Castillo v. Mullin, No. 1:26-CV-06564-DC-SCR, 2026 WL 2690348 (E.D. Cal. Sept. 14, 2026).

The Court finds that supplemental briefing from Respondents addressing whether this case is distinguishable from the cases set forth above would assist the Court in this matter.

Accordingly, the Court HEREBY ORDERS that within **FOURTEEN (14) days** of the date of service of this order, Respondents SHALL FILE: (1) a supplemental brief addressing the issues set forth above; and (2) a copy of Petitioner's Notice to Appear and any documentation regarding Petitioner's current administrative charges.

IT IS SO ORDERED.

Dated: **October 9, 2026**

/s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE