# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN JOSEPH TAYSON,<br><br>Petitioners,<br><br>v.<br><br>WARDEN OF CALIFORNIA CITY DETENTION FACILITY, et al.,<br><br>Respondents. | Case No. 1:26-cv-03010-KES-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS, DENY RESPONDENTS' MOTION TO DISMISS, AND DIRECT RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER<br><br>(ECF Nos. 1, 20) |

Petitioner, represented by counsel, is a federal immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

For the reasons set forth herein, the undersigned recommends granting the petition for writ of habeas corpus, denying Respondents' motion to dismiss, and ordering that Respondents immediately release Petitioner.

**I.**

**BACKGROUND**

Petitioner is a citizen of the Philippines who was admitted to the United States on a nonimmigrant B-2 visa on April 29, 2002 when he was a minor. (ECF No. 1 at 5; ECF No. 10-1 at 1, 3; ECF No. 18 at 2.[1]) In 2014, Petitioner was convicted of assault with a firearm, a violation of California Penal Code section 245(a)(2), and sentenced to an imprisonment term of eight years. (ECF No. 10-1 at 3.)

On November 6, 2023, U.S. Citizenship and Immigration Services ("USCIS") approved Petitioner's I-130 application. On February 13, 2025, USCIS received Petitioner's I-485

[1] Page numbers refer to the ECF pagination stamped at the top of the page.

application. (ECF No. 10-1 at 3.) Petitioner was scheduled to appear for an interview for his pending application at the USCIS office in San Jose, California on February 23, 2026, and U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner at the USCIS office. (Id. at 2.)

On April 21, 2026, Petitioner filed the instant petition for writ of habeas corpus raising a prolonged detention due process claim. (ECF No. 1 at 6–17.) The Court construed the petition "as also raising a due process claim regarding Petitioner's re-detention and challenging the statutory authority for Petitioner's detention." (ECF No. 7 at 1.) On May 8, 2026, Respondent filed an opposition to the petition, arguing that Petitioner "is either subject to detention under 8 U.S.C § 1226(a), in which case he is eligible to request an immigration judge bond hearing (but he has not done so), or subject to mandatory detention under 8 U.S.C. § 1226(c)" based on his California Penal Code section 245(a)(2) conviction. (ECF No. 10 at 1.)

On May 11, 2026, the Court appointed counsel for Petitioner and directed the parties to file a joint statement regarding case management and a proposed briefing schedule. (ECF No. 13.) As no joint statement was filed, on June 3, 2026, the Court ordered the parties to file a joint statement within seven days. (ECF No. 15.) Again, as no joint statement was filed, on June 18, 2026, the Court ordered the parties to show cause why sanctions should not be imposed for failure to follow court orders and ordered Petitioner to file a reply to the opposition within fourteen days. (ECF No. 16.) On June 22, 2026, counsel for Petitioner filed a response to the order to show cause. (ECF No. 17.) On June 24, 2026, Petitioner filed a traverse, arguing that California Penal Code section 245(a)(2) does not constitute a crime of violence and § 1226(c) is inapplicable. (ECF No. 18.)

On August 20, 2026, the Court discharged the order to show cause and ordered Respondents to file a supplemental brief addressing Petitioner's argument that he is not subject to § 1226(c) because his conviction under California Penal Code section 245 does not constitute an aggravated felony and addressing cases that granted habeas relief where the petitioner was arrested at an adjustment of status interview. (ECF No. 19.) In lieu of complying with the Court's August 20, 2026 order, Respondents filed a motion to dismiss the petition as moot

because Petitioner received a bond hearing on August 12, 2026 pursuant to 8 C.F.R. § 1236. (ECF No. 20.) Per the Court's order, Respondents filed a supplement on October 23, 2026. (ECF Nos. 21, 23.)

## II.

## DISCUSSION

### A. Statutory Basis of Petitioner's Detention

Congress has enacted a complex statutory scheme governing the detention of noncitizens during removal proceedings and following the issuance of a final order of removal. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

"Four statutes grant the Government authority to detain noncitizens who have been placed in removal proceedings": 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), and 1231(a). Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). 8 U.S.C. § 1226(a) "is the default detention statute for noncitizens in removal proceedings." Avilez, 69 F.4th at 529. Detention under § 1226(a) "is discretionary" and "provides for release on bond or conditional parole." Id.

Respondents previously asserted that Petitioner may be subject to mandatory detention under 8 U.S.C. § 1226(c) in light of his California Penal Code section 245(a)(2) conviction. (ECF No. 10 at 1.) As noted in the traverse, (ECF No. 18 at 6), the Ninth Circuit recently overruled prior circuit precedent and held that a conviction under California Penal Code section 245(a)(1) does not qualify as a crime of violence. United States v. Gomez, 165 F.4th 1199, 1203 (9th Cir.) (en banc), cert. denied, 146 S. Ct. 2636, 224 L. Ed. 2d 842 (2026). Therefore, Petitioner argues that the "sole available basis for detaining Mr. Tayson therefore appears to be Subsection A." (ECF No. 18 at 6.) In light of Respondents providing Petitioner with a bond hearing pursuant to 8 C.F.R. § 1236, (ECF No. 20-1), it appears that Respondents now agree that Petitioner is detained pursuant to 8 U.S.C. § 1226(a).[2]

[2] Additionally, as the basis for mandatory detention is not included in Petitioner's notice to appear, (ECF No. 23-1 at 1), Petitioner "must be given notice of the circumstances or convictions that provide the basis for mandatory detention and an opportunity to challenge the detention before the Immigration Judge

**B. Petitioner's Re-Detention**

"Although the parties agree that Petitioner is detained pursuant to § 1226(a) and had an IJ bond hearing on August [12], 2026, that does not resolve the pending claims in this case," Garcia De Castillo v. Mullin, No. 1:26-CV-06564-DC-SCR, 2026 WL 2690348, at *2 (E.D. Cal. Sept. 14, 2026), because the Court has construed the petition "as also raising a due process claim regarding Petitioner's re-detention[.]" (ECF No. 7 at 1.)

"[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." Zadvydas at 690.

The Court finds Amezquita Diaz v. Albarran, No. 3:25-cv-09837-JSC, 2026 WL 2499439 (N.D. Cal. Aug. 25, 2026), and Garcia De Castillo v. Mullin, No. 1:26-CV-06564-DC-SCR, 2026 WL 2690348 (E.D. Cal. Sept. 14, 2026), instructive. In Amezquita Diaz, the petitioner had lived in the United States for over thirty years and had an approved I-130 petition sponsored by his U.S. citizen daughter. While at an interview on his concurrently filed application to adjust his status, the petitioner was arrested by ICE. Amezquita Diaz, 2026 WL 2499439, at *1. The district court held:

> "[N]oncitizens 'who have established connections in this country [beyond merely entering the United States] have due process rights in deportation proceedings." *Chavarriaga Rojas v. Albarran*, 826 F. Supp. 3d 1155, 1165 (N.D. Cal. 2025) (quoting *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020)); *see also Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States," including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent."). The Due Process Clause generally "requires some kind of a hearing before the State deprives a person of liberty or property." *Zinermon v. Burch*, 494

---

during the bond redetermination hearing." In re Kotliar, 24 I. & N. Dec. 124, 127 (BIA 2007). "[T]here is no evidence in the record that Petitioner ever knew the government was subjecting him to mandatory detention under § 1226(c)(1)[ ], or that he could challenge that basis for detention, until Petitioner sought relief in federal court and Respondents opposed his habeas petition." S.G. v. Warden of the Golden State Annex Det. Facility, No. 1:26-cv-03322-TLN-JDP, 2026 WL 2475525, at *3 (E.D. Cal. Aug. 24, 2026). This "raise[s] serious due process concerns" and "[o]n this basis alone, the Court finds Petitioner's detention cannot be governed by § 1226(c)(1)[ ]." Id.

> U.S. 113, 127 (1990). Petitioner has had multiple prior encounters with immigration authorities—he submitted two I-130 petitions (both of which were approved), he filed for and was provided employment authorization, and his biometrics were taken as part of his employment authorization and adjustment of status applications. (Dkt. No. 30 at 3.) The government made a choice not to detain him at any time in the five years since he filed his first I-130 petitioner until November 14, 2025, when he went into his adjustment of status interview and was arrested with no warning. Under these circumstances, Petitioner had "a protected liberty interest in remaining out of immigration custody [that] could be taken away only if the government's procedure for doing so accorded with due process." *Chavarriaga Rojas*, 826 F. Supp. 3d at 1166 (applying the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319 (1976), to similar circumstances).

Amezquita Diaz, 2026 WL 2499439, at *2.

In Garcia De Castillo, the petitioner lawfully entered the United States on a tourist visa and remained in the United States after the visa expired. The petitioner subsequently submitted an application to adjust her status (I-485) and her U.S. citizen daughter also filed an I-130 application on the petitioner's behalf. After living in the United States for over twenty-five years, petitioner reported to the USCIS office for a scheduled interview on her pending I-485 application and was arrested by ICE. Garcia De Castillo, 2026 WL 2690348, at *1. The court found:

> Although the parties agree that Petitioner is detained pursuant to § 1226(a) and had an IJ bond hearing on August 20, 2026, that does not resolve the pending claims in this case. Petitioner challenges her warrantless arrest, as well as the lack of a pre-deprivation hearing prior to her arrest. The undersigned finds that Petitioner had a protected liberty interest in remaining free from custody based on her significant community ties developed over 25 years in the United States and the government's decision not to detain her after she applied to adjust her immigration status. See Gagik T. v. Chestnut, et al., No. 1:26-cv-04337-MWJS, 2026 WL 1837413 (E.D. Cal. June 25, 2026). Petitioner apparently filed an application to adjust her status to that of lawful permanent residence in 2003. ECF No. 1 at 2 (noting that Petitioner's immigrant visa paperwork has a priority date of April 6, 2003). Respondent's answer ignored the decades-long pendency of Petitioner's applications for immigration benefits (I-485 and I-130 petitions) at the time of her arrest. Nor did Respondent's answer provide any justification for detaining Petitioner at that point in time when she had apparently complied with all of the appointment notices issued by USCIS pertaining to her pending applications. See ECF No. 9-2 at 23 (Biometric appointment on March 20, 2026). "By concluding that there was no need to detain Petitioner after his B-2 visitor visa had expired, and instead sanctioning his

> continued presence in the United States by granting and renewing his employment authorization, the government vested in Petitioner a liberty interest in his continued freedom." Gagik T., 2026 WL 1837413 at *3. In this case, the government continued to let Petitioner remain at liberty when her tourist visa expired and she initially filed petitions to adjust her immigration status. This 25-year time period vested Petitioner with a liberty interest protected by the Fifth Amendment due process clause.

Garcia De Castillo, 2026 WL 2690348, at *2 (footnote omitted).

Like the petitioners in Amezquita Diaz and Garcia De Castillo, Petitioner has lived in the United States for over twenty years and the government continued to let Petitioner remain at liberty after USCIS approved Petitioner's I-130 application on November 6, 2023. Accordingly, the undersigned recommends finding that Petitioner has a protected liberty interest in remaining out of immigration custody.

In Amezquita Diaz, the district court held that "a post-deprivation hearing is not a sufficient procedural safeguard" because "Respondents offer no evidence Petitioner's detention would serve" "to prevent flight or protect against danger to the community." 2026 WL 2499439, at *2. In Garcia De Castillo, despite the petitioner having been provided with a post-deprivation hearing, the district court ordered her immediate release, finding "that a post-deprivation bond hearing cannot suffice as a post hoc cure for an earlier constitutional violation stemming from the government's failure to provide notice and a pre-deprivation bond hearing before revoking a noncitizen's government-sanctioned liberty." Garcia De Castillo v. Mullin, No. 1:26-CV-06564-DC-SCR (HC), 2026 WL 3033617, at *2 (E.D. Cal. Oct. 9, 2026).

Here, Respondents had been subjecting Petitioner to mandatory detention under § 1226(c), which does not provide for individualized custody determinations or the right to seek additional bond hearings throughout detention. Although Petitioner was subsequently provided with a post-deprivation § 1226(a) hearing six months after he was detained, "a post-deprivation bond hearing cannot suffice as a post hoc cure for an earlier constitutional violation stemming from the government's failure to provide notice and a pre-deprivation bond hearing before revoking a noncitizen's government-sanctioned liberty." Garcia De Castillo, 2026 WL 3033617, at *2. Respondents "submit that this case is indistinguishable from" Amezquita Diaz and Garcia

De Castillo. (ECF No. 23 at 1.) Accordingly, the undersigned recommends finding that Petitioner's re-detention violated due process and that he is entitled to immediate release.

## III.

## RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be GRANTED on the construed due process claim regarding Petitioner's re-detention and claim challenging the statutory authority for Petitioner's detention;
2. Respondents' motion to dismiss (ECF No. 20) be DENIED; and
3. Respondents be directed to immediately release Petitioner from custody.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 29, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE